United States District Court
for the
Southern District of Florida

| Mary Ann Murphy and others, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-21450-Civ-Scola |
| | ) | |
| Carnival Corporation and others, | ) | |
| Defendants. | ) | |

### **Opinion Order Striking Complaint**

This matter is before the Court on an independent review of the record. This maritime tort action arises from the injuries and wrongful death of the deceased, Daniel Murphy, which allegedly occurred while he was a passenger on the Defendant's ship. (ECF No. 1 at 10.)

The Plaintiffs' complaint is a shotgun pleading. "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (quotations and alterations omitted). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357–58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading.").

In the Complaint, the Plaintiffs assert various negligence counts. Each count includes multiple, distinct bases for liability. For example, Count I alleges negligent hiring, negligent reliance, negligent medical care, negligent maintenance, negligent training, and failure to warn. (ECF No. 1 at 11-14.) Counts II-V similarly group together various theories of negligence under one count. This kind of drafting has been rejected by this Court and other district courts. *See Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1338 (S.D. Fla. 2016) (Ungaro, J.) ("Simply alleging that Carnival owed Plaintiff a duty of 'reasonable care' in a conclusory fashion, while also pleading ["forty-one"] alleged breaches that purport to impose a heightened duty upon Carnival, is not sufficient to state a valid negligence claim under maritime law," and holding that "the burden will remain on Plaintiff to review her Complaint and ensure that each factual allegation is supported by law and plausible facts, and is alleged in good faith.");

*Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1337, n.2 (S.D. Fla. 2012) (Moore, J.) (dismissing maritime negligence claim that "epitomizes a form of 'shotgun' pleading,'" where the plaintiff alleged that Defendant owed a duty of "reasonable care under the circumstances," and then "proceed[ed] to allege at least twenty-one ways in which Defendant breached this duty").

This is not news to counsel. This Court has struck at least one other shotgun pleading filed by Plaintiffs' firm in a cruise line case. *See, e.g., Worthington v. Royal Caribbean Cruises, LTD.*, No. 19-21010-RNS (March 18, 2019) (Order Striking Complaint). Plaintiffs' counsel is forewarned that repeated failure to heed this Court's orders may result in the dismissal of this case with prejudice or other appropriate sanctions. *See Jackson*, 898 F.3d at 1358-59 (instructing that "if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." (quotations omitted)).

Accordingly, the Court **strikes** the Complaint, (**ECF No. 1**), as a shotgun pleading. Murphy may file an amended complaint by **April 26, 2019**, provided it complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the *Iqbal/Twombly* standard. Specifically, Murphy shall assert each theory of liability as a separate cause of action. And any legal conclusions that form the basis for those claims must be supported by good faith factual allegations. *See* Fed. R. Civ. P. 11(b); *Gayou*, 2012 WL 2049431 at \*6 ("Upon re-pleading, however, [plaintiff] is reminded that any alleged breaches, and the duties associated therewith, must be consistent with federal maritime law and must be supported by underlying factual allegations.").

**Done and ordered**, in Chambers, in Miami, Florida on April 18, 2019.

Robert N. Scola, Jr.
United States District Judge