United States District Court
for the
Southern District of Florida

| Mary Ann Murphy and others, | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-21450-Civ-Scola |
| | ) | |
| Carnival Corporation and others, | ) | |
| Defendants. | ) | |

**Order on Defendant's Motion to Dismiss**

This matter is before the Court on Defendant Carnival Corporation's partial motion to dismiss the Plaintiff's complaint. (ECF No. 14.) The Plaintiff has filed a response (ECF No. 15) and the Defendant timely replied. (ECF No 16.) Having considered the record, the parties submissions, and the applicable law, the Court grants in part and denies in part the Defendant's motion. (**ECF No. 14.**)

I. **Background**

The Plaintiff, Mary Ann Murphy, is the widow and personal representative of the Estate of the deceased, Daniel Murphy. (Amended Complaint at ¶ 2, ECF No. 6.) The Plaintiff is suing Carnival Corporation ("Carnival") and the nurses and doctors (the "Medical Defendants") that treated the deceased during his trip on Carnival's ship. According to the Plaintiff's complaint, the deceased was a passenger on the Defendant's vessel in May 2018. (*Id.* at ¶ 16.) On or about May 9-11, 2018, the deceased was taken to the ship's medical center with complaints of chest pain, discomfort, profuse sweating, chills, stomach ache, diarrhea, lethargy, and weakness. (*Id.* at ¶ 17.) At the medical center, the Medical Defendants examined and treated the deceased. According to the complaint, the Defendants failed to properly address his low temperature, blood pressure, and low pulse. (*Id.* at 18.) The electrocardiogram equipment used to measure his heart function was not working properly or was not being operated correctly by the Medical Defendants. (*Id.*) The Medical Defendants' sent the deceased back to his stateroom and he later suffered a fatal heart attack. According to the Plaintiff, the Defendants' failure to properly treat and diagnose the deceased led directly to his death. (*Id.* at ¶ 19.)

II. **Legal Standard**

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all allegations in the complaint as true,

construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Faced with a motion to dismiss, a court should therefore "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their accuracy and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 662 (2009)). "Regardless of the alleged facts, a court may dismiss a complaint on a dispositive issue of law." *Surgery Center of Viera, LLC v. Southeastern Surveying and Mapping Corp.*, No. 17-cv-754-orl-40TBS, 2018 WL 922202, at *3 (M.D. Fla. Jan. 31, 2018) (citations and quotations omitted).

### III. Analysis

#### A. Count I

The Defendant first moves to dismiss Count I for negligent hiring and retention. (ECF No. 14 at 5.) The Defendant argues that the Plaintiff has failed to allege ultimate facts sufficient to support her claims that the Medical Defendants were incompetent, and that Carnival was put on notice of the harmful propensities of the Medical Defendants. (*Id.* at 5-6.)

To state a claim for negligent hiring or retention, a plaintiff must allege that "(1) the agent/employee/contractor was incompetent or unfit to perform the work; (2) the employer knew or reasonably should have known of the particular incompetence or unfitness; and (3) the incompetence or unfitness was a proximate cause of the plaintiff's injury." *Witover v. Celebrity Cruises, Inc.*, 161 F. Supp. 3d 1139, 1148 (S.D. Fla. 2016) (Lenard, J.) (citations and quotations omitted). To satisfy the second element of this claim, "a plaintiff must allege facts showing that the employer was put on notice of the harmful propensities of the agent/employee/contractor." *Id.* (citations and quotations omitted). Negligent hiring occurs when the employer knew or should have known of the employee's unfitness before the employee was hired. *Id.* The issue of liability "primarily focuses upon the adequacy of the employer's pre-employment investigation into the employee's background." *Id.* Negligent retention occurs "after employment begins, where the employer knows or should know of the employee's unfitness and fails to take further action such as investigating, discharge or reassignment." *Id.* (citations and quotations omitted).

The Plaintiff alleges that the Medical Defendants lacked the proper education, licenses, training, experience, and skills to work in emergency and

critical condition environments; to properly triage and prioritize treatment of patients; to adequately diagnose and treat patients such as the deceased; and to properly operate the medical equipment such as the electrocardiogram machine. (ECF No. 6 at 10.) This is sufficient to satisfy the first element of a negligent retention/hiring claim. *See Witover v. Celebrity Cruises, Inc.*, 161 F. Supp. 3d at 1148 (holding that allegations that the tour operator's practices and procedures were unsafe was sufficient to satisfy the first element of negligent retention).

With regard to the second element, Carnival's knowledge, the complaint states that Carnival "knew of the foregoing conditions rendering the Medical Defendants unqualified and/or incompetent, or the conditions existed for a sufficient length of time so that Carnival, in the exercise of reasonable care under the circumstances, should have learned them." (ECF No. 6 at ¶ 24.) According to the Plaintiff, this knowledge should have been acquired through Carnival's background checks, investigating the employment history of the Medical Defendants, and periodically investigating and verifying their credentials. (*Id.*)

"For all practical purposes, Plaintiff has done little more than assert fact-free, wholly conclusory, boilerplate allegations that Carnival knew or should have known about certain alleged deficiencies in the training and performance of the doctor and [ ] medical staff. Plaintiff has failed to allege facts that are suggestive enough to render each element of [her] claim for negligent hiring [and] retention [ ] plausible." *Gharfeh v. Carnival Corp.*, 309 F. Supp. 3d 1317, 1332-33 (S.D. Fla. 2019) (Goodman, Mag. J.) (citations and quotations omitted). The Plaintiff has not asserted any *facts* that Carnival's background checks and hiring practices were deficient or that the Medical Defendants have made medical errors in the past such that Carnival was on notice of their deficiencies. *See id.* (holding that boilerplate allegations that Carnival "knew or should have known to investigate" the doctor's "educational credentials and training including her prior employment" was insufficient). Accordingly, Count I is dismissed.

### B. Counts II, III, and VII

The Defendant next argues that Counts II, III, and VII should be dismissed because they are shotgun pleadings which improperly comingle multiple distinct claims. (ECF No. 14 at 7.) With regard to Count II, the Defendant argues that the Plaintiff improperly asserts claims against Carnival for both direct negligence and vicarious liability. (*Id.* at 8.) In response, the Plaintiff argues that Count II is a direct negligence count and a few passing references to Carnival's agents should not result in dismissal. (ECF No. 15 at 8-9.) Upon careful review, the Court agrees with the Plaintiff.

Although the Plaintiff has improperly included reference to Carnival's agents and employees, the count is primarily a direct negligence count and

should not be dismissed in its entirety. Accordingly, the Court strikes any reference to agents, servants, joint ventures, and/or employees in Count II to clarify that Count II is for direct negligence against Carnival.

The same analysis applies to Count III. The Plaintiff concedes that it should only have included allegations related to a vicarious liability claim for actual agency, not apparent agency. (ECF No. 15 at 10.) Therefore, the Court strikes any reference to "apparent agents" in Count III to clarify that Count III is for vicarious liability under a theory of actual agency.

Count VII is styled as a count under the Death on the High Seas Act (DOHSA) against all Defendants. Carnival moves to dismiss this count as a shotgun pleading and because the Plaintiff fails to support any of the bases of liability with sufficient factual allegations. (ECF No. 14 at 10.) Upon careful review, the Court agrees with the Defendants.

Here, the Plaintiff has crammed 15 different bases of liability against both Carnival and the Medical Defendants under Count VII. (ECF No. 6 at 31-32.) From the current state of the pleadings, the Court cannot discern which theories apply to Carnival and which apply to the individual Defendants. This kind of drafting has been rejected by this Court and other district courts. *See Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1338 (S.D. Fla. 2016) (Ungaro, J.) ("Simply alleging that Carnival owed Plaintiff a duty of 'reasonable care' in a conclusory fashion, while also pleading ["forty-one"] alleged breaches that purport to impose a heightened duty upon Carnival, is not sufficient to state a valid negligence claim under maritime law," and holding that "the burden will remain on Plaintiff to review her Complaint and ensure that each factual allegation is supported by law and plausible facts, and is alleged in good faith."); *Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1337, n.2 (S.D. Fla. 2012) (Moore, J.) (dismissing maritime negligence claim that "epitomizes a form of 'shotgun' pleading,'" where the plaintiff alleged that Defendant owed a duty of "reasonable care under the circumstances," and then "proceed[ed] to allege at least twenty-one ways in which Defendant breached this duty").

Moreover, there are a number of allegations that are not supported by the recitation of facts. For example, the Plaintiff alleges that the Defendants failed to timely divert the vessel and evacuate the decedent by helicopter. (ECF No. 6 at ¶ 78(a).) There are no facts that explain how exactly the decedent died, where he was, or even introduce the possibility of a helicopter evacuation prior to this assertion in Count VII. "To be sure, there are many detailed and well-pled factual allegations, and if the Court were Plaintiff's counsel it could likely marshal these allegations in support of the claims Plaintiff seeks to bring. But under the adversary system, it is counsel's responsibility to explain why these points have legal merit; the Court does not serve as counsel's law clerk." *Nichols v. Carnival*

*Corp.*, No. 19-cv-20836, 2019 U.S. Dist. LEXIS 105153, at *9 (S.D. Fla. June 21, 2019) (Ungaro, J.). Accordingly Count VII is dismissed as a shotgun pleading.

### C. Count VIII

In Count VIII, the Plaintiff seeks alternative relief under Panamanian law via Section 30306 of DOHSA. (ECF No. 6 at ¶ 81.) The Defendant moves to dismiss this count arguing that a claim under Panamanian law is preempted by DOHSA. (ECF No. 14 at 12.) The Plaintiff responds by arguing that this is an alternative argument and it is premature to rule on the controlling law of the case at the motion to dismiss stage. (ECF No. 15 at 12.) Upon review, the Court disagrees with the Plaintiff.

Plaintiff's alternative claim for relief is based on Section 30306 of DOHSA. Section 30306 reads:

> When a cause of action exists under the law of a foreign country for death by wrongful act, neglect, or default on the high seas, a civil action in admiralty may be brought in a court of the United States based on the foreign cause of action, without abatement of the amount for which recovery is authorized.

46 U.S.C. § 30306. The Supreme Court has upheld the proposition that this section was "intended to prevent owners of foreign vessels from using U.S. statutes to limit their liability where foreign law already applied." *Perricone v. Carnival Corp.*, No. 15-cv-20309, 2016 WL 1161214, at *5 (S.D. Fla. March 24, 2016) (Gayles, J.) (citing *Dooley v. Korean Air Lines Co. Ltd.*, 117 F.3d 1477, 1484 (D.C. Cir. 1997, *aff'd* 524 U.S. 116 (1998)). But "Section 30306 and foreign law play no rule once a court determines that U.S. law governs an action." *Id.*

Here, there is no dispute that U.S. law applies. ECF No. 6 at ¶ 15 ("The causes of action asserted in this Complaint arise under the General Maritime Law of the United States."). And there are no allegations that the injury occurred in Panama or that Panamanian law applies. "Moreover, a determination of DOHSA's applicability at an early stage in litigation is preferable." *Perricone*, 2016 WL 1161214 at *5. Therefore, the Court concludes that DOHSA applies and is Plaintiff's exclusive remedy. The Defendant's motion to dismiss Count VIII is granted.

### D. Damages

The Defendant's motion also requests that the Court strike any damages claims in Counts I through IV which are not recoverable under DOHSA. (ECF No. 14 at 14.) DOHSA provides that "the recovery in an action under this chapter shall be a fair compensation for the pecuniary loss sustained by the individuals

for whose benefit the action is brought." 46 U.S.C. § 30303. Accordingly, the Supreme Court has held that non-pecuniary damages, such as pain and suffering and mental anguish, are not recoverable under DOHSA. *Dooley v. Korean Air Lines Co., Ltd.,* 524 U.S. 116. 118 (1998). Furthermore, where DOHSA applies, state statutes are preempted. *Kennedy v. Carnival Corp.*, 385 F. Supp. 3d 1302, 1318 (S.D. Fla. 2019) (Torres, Mag. J.).

Here, the Plaintiff seeks damages under general maritime law and any other applicable state wrongful death laws. (ECF No. 6 at 12.) Because DOHSA preempts state law and is Plaintiff's only remedy, the Plaintiff's claims for damages under general maritime law and state law are preempted. *Martins v. Royal Caribbean Cruises, Ltd.*, 174 F. Supp. 3d 1345, 1357 (S.D. Fla. 2016). Plaintiff also seeks damages such as loss of companionship and protection, mental pain and suffering, loss of inheritance, loss of past and future earnings, loss of net accumulations, loss of services, pre-death pain and suffering, and funeral expenses. (ECF No. 6 at 12.) "Because DOHSA applies to Plaintiff's action, Plaintiff is barred from seeking non-pecuniary damages." *Kennedy*, 385 F. Supp. 3d at 1318-19. Therefore, the damages sought in the complaint for companionship and protection, mental pain and suffering on behalf of the deceased's survivors, as well as Plaintiff's claims for Mr. Murphy's pre-death pain and suffering are stricken. *See id.* at 1319.

The Plaintiff also seeks punitive damages because the Defendant's conduct "constitutes wanton willful or outrageous conduct." (ECF No. 6 at ¶¶ 51, 63, 70, 76, 80.) The Defendant moves to strike the Plaintiff's request for punitive damages because punitive damages are non-pecuniary in nature and are, therefore, not recoverable under DOHSA. (ECF No. 14 at 14.) The Plaintiff did not respond to this argument in her response. (ECF No. 15.)

Upon careful review, the Court agrees with the Defendant. Although the Eleventh Circuit and the Supreme Court have not expressly ruled on this issue, decisions from this Court have "consistently rejected efforts to retain punitive damages awards for claims governed by DOHSA." *See Kennedy*, 385 F. Supp. 3d at 1325 (collecting cases). This Court follows the lower court decisions and the majority view that DOHSA precludes any recovery for punitive damages. *Id.* at 1319 (summarizing majority view). Accordingly, the Court strikes the Plaintiff's request for punitive damages.

## IV. Conclusion

Accordingly, the Court **grants in part and denies in part** the Defendant's motion to dismiss. **(ECF No. 14.)**

- Defendant's motion to dismiss Count I is **granted**. Count I is dismissed **without prejudice**.
- Defendant's motion to dismiss Count II is **denied**.
- Defendant's motion to dismiss Count III is **denied**.
- Defendant's motion to dismiss Count VII is **granted**. Count VII is dismissed **without prejudice**.
- Defendant's motion to dismiss Count VIII is **granted**. Count VIII is dismissed **with prejudice**.
- Defendant's motion to strike Plaintiff's non-pecuniary damages is **granted**. The Plaintiff's request for non-pecuniary damages is stricken **with prejudice**.
- Defendant's motion to strike Plaintiff's request for punitive damages is **granted**. The Plaintiff's request for punitive damages is stricken **with prejudice**.

This Court will allow the Plaintiff one more opportunity to amend her complaint to replead Counts I and VII if counsel can, in good faith, make the representations required by Fed. R. Civ. P. 11(b). The Plaintiff's Second Amended Complaint is due on or before **September 3, 2019**.

**Done and ordered**, in Chambers, in Miami, Florida on August 20, 2019.

Robert N. Scola, Jr.
United States District Judge