| Mary Ann Murphy and others, | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-21450-Civ-Scola |
| | ) | |
| Carnival Corporation and others, | ) | |
| Defendants. | ) | |

### Order on Defendant's Motion to Dismiss

This matter is before the Court on Defendant Carnival Corporation's partial motion to dismiss the Plaintiff's complaint. (ECF No. 29.) The Plaintiff has filed a response (ECF No. 32) and the Defendant timely replied. (ECF No 33.) Having considered the record, the parties' submissions, and the applicable law, the Court **grants in part and denies in part** the Defendant's motion. (**ECF No. 14.**)

### I. Background

The Plaintiff, Mary Ann Murphy, is the widow and personal representative of the Estate of the deceased, Daniel Murphy. (Second Amended Complaint at ¶ 2, ECF No. 27.) The Plaintiff is suing Carnival Corporation ("Carnival") and the nurses and doctors (the "Medical Defendants") who treated the deceased during his trip on Carnival's ship. According to the Plaintiff's complaint, the deceased was a passenger on the Defendant's vessel in May 2018. (*Id.* at ¶ 16.) On or about May 9-11, 2018, the deceased was taken to the ship's medical center with complaints of chest pain, discomfort, profuse sweating, chills, stomach ache, diarrhea, lethargy, and weakness. (*Id.* at ¶ 17.) At the medical center, the Medical Defendants examined and treated the deceased. According to the complaint, the Defendants failed to properly address his low temperature, blood pressure, and low pulse. (*Id.* at 18.) The electrocardiogram equipment used to measure his heart function was not working properly or was not being operated correctly by the Medical Defendants. (*Id.*) The Medical Defendants sent the deceased back to his stateroom and he later suffered a fatal heart attack. According to the Plaintiff, the Defendants' failure to properly treat and diagnose the deceased led directly to his death. (*Id.* at ¶ 19.)

Carnival previously filed a partial motion to dismiss (ECF No. 14) the complaint. On August 20, 2019, the Court entered an Order granting in part and denying in part the Defendant's motion. (ECF No. 21.) The Court dismissed Counts I, VI, and VIII, but declined to dismiss Counts II and III. The Court also

struck the Plaintiff's request for damages based on companionship and protection, mental pain and suffering on behalf of the deceased survivors, Plaintiff's claims for Mr. Murphy's pre-death pain and suffering, and punitive damages. (*Id.* at 5-6.) The Court gave the Plaintiff one more opportunity to replead Counts I and VII. (*Id.* at 7.) The Plaintiff then filed her Second Amended Complaint. (ECF No. 27.) Carnival now moves to dismiss Count I, strike the Plaintiff's claims for damages not permitted under the Death on the High Seas Act (DOHSA), and strike the claims brought by the Plaintiff in her individual capacity. (ECF No. 29.)

## II. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all allegations in the complaint as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Faced with a motion to dismiss, a court should therefore "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their accuracy and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 662 (2009)). "Regardless of the alleged facts, a court may dismiss a complaint on a dispositive issue of law." *Surgery Center of Viera, LLC v. Southeastern Surveying and Mapping Corp.*, No. 17-cv-754-orl-40TBS, 2018 WL 922202, at *3 (M.D. Fla. Jan. 31, 2018) (citations and quotations omitted).

## III. Analysis

### A. Count I

The Defendant moves to dismiss Count I for negligent hiring and retention. The Defendant argues that the Plaintiff again failed to allege facts showing that Carnival was put on notice of the harmful propensities of the Medical Defendants, specifically Dr. Chenna Mandi and Nurses Ramos and Mzelemu. (ECF No. 29 at 7.) In response, the Plaintiff argues that the Second Amended Complaint sufficiently alleges that Carnival's background checks and hiring practices were deficient and Carnival should have known that the Medical Defendants were incompetent. (ECF No. 32.) According to the Plaintiff, Dr. Mandi's resume reveals a lack of experience, education, licensing, and language skills. (*Id.*)

To state a claim for negligent hiring or retention, a plaintiff must allege that "(1) the agent/employee/contractor was incompetent or unfit to perform the work; (2) the employer knew or reasonably should have known of the particular incompetence or unfitness; and (3) the incompetence or unfitness was a proximate cause of the plaintiff's injury." *Witover v. Celebrity Cruises, Inc.*, 161 F. Supp. 3d 1139, 1148 (S.D. Fla. 2016) (Lenard, J.) (citations and quotations omitted). To satisfy the second element of this claim, "a plaintiff must allege facts showing that the employer was put on notice of the harmful propensities of the agent/employee/contractor." *Id.* (citations and quotations omitted). Negligent hiring occurs when the employer knew or should have known of the employee's unfitness before the employee was hired. *Id.* The issue of liability "primarily focuses upon the adequacy of the employer's pre-employment investigation into the employee's background." *Id.* Negligent retention occurs "after employment begins, where the employer knows or should know of the employee's unfitness and fails to take further action such as investigating, discharge or reassignment." *Id.* (citations and quotations omitted).

The parties disagree on whether the Plaintiff has sufficiently alleged facts to satisfy the second element: the employer knew or reasonably should have known of the doctor's incompetence or unfitness. Upon careful review, the Court finds that the Plaintiff has sufficiently alleged facts regarding Dr. Mandi's incompetence. Viewing the facts in the light most favorable to the Plaintiff, the Plaintiff alleges that Carnival failed to check Dr. Mandi's references or validate his professional documentation regarding his credentials and licenses. (ECF No. 27 at ¶ 31.) According to the complaint, Carnival's hiring criteria requires doctors to be graduates of accredited university medical schools, which Dr. Mandi is not. (ECF No. 27-2 at 2; ECF No. 32 at 6.) And Dr. Mandi did not obtain the requisite three years or more of post-graduate experience, as required by Carnival's hiring criteria. (ECF No. 27-2 at 2; ECF No. 32 at 6-7.) This is sufficient to state a claim at the motion to dismiss stage. *See Gharfeh v. Carnival Corp.*, No. 17-20499, 2018 WL 501270, at *10 (S.D. Fla. Jan. 1, 2018) (Goodman, Mag. J.). While Carnival points to Dr. Mandi's resume and relevant experience as evidence of his qualifications (ECF No. 29 at 10-11), whether he is qualified is an issue of fact more appropriate for summary judgment. However, the Court agrees with the Defendant that there are no allegations to support a negligent hiring or retention claim against Nurses Ramos or Mzelemu. (ECF No. 29 at 9.) The Plaintiff's response does not address this argument. Accordingly, the Court dismisses the portions of Count I alleging negligent hiring and/or retention of Nurses Ramos and Mzelemu.

### B. Motion to Strike

The Defendant's motion also requests that the Court strike any damages claims which are not recoverable under DOHSA. (ECF No. 29 at 13.) The Plaintiff's response notes that Plaintiff "is only seeking damages recoverable under DOHSA," but does not address the Defendant's substantive arguments. (ECF No. 32 at 9.) The Court's previous Order on the Defendant's motion to dismiss struck the Plaintiff's request for damages for companionship and protection, mental pain and suffering on behalf of the deceased's survivors, Mr. Murphy's pre-death pain and suffering, and punitive damages. (ECF No. 21 at 6.) Recognizing this, the Plaintiff states that the "undersigned made a scrivener's error in failing to remove allegations for damages not recoverable under DOHSA." (*Id.* at n.5.) Accordingly, the Court strikes any damages claims which are not recoverable under DOHSA, including damages for companionship and protection, mental pain and suffering on behalf of the deceased's survivors, Mr. Murphy's pre-death pain and suffering, and punitive damages. Lastly, the Court strikes any claims brought by Mary Ann Murphy in her individual capacity. *See Futch v. Midland Enters., Inc.,* 471 F.2d 1195, 1196 (5th Cir. 1973) (only a personal representative, not an heir, can bring a DOHSA wrongful death suit).

## IV. Conclusion

Accordingly, the Court **grants in part and denies in part** the Defendant's motion to dismiss. **(ECF No. 29.)** The Defendant's motion to dismiss Count I is denied as to Dr. Mandi but granted as to Nurses Ramos or Mzelemu. The Court grants the Plaintiff's motion to strike non-DOHSA damages and any claims brought by Mary Ann Murphy in her individual capacity.

**Done and ordered**, in Chambers, in Miami, Florida on November 7, 2019.

_____
Robert N. Scola, Jr.
United States District Judge